# Frank H. Clark v. DeWitt C. Mallory, Mallory, Son & Zimmerman Co., Charles A. Mallory, Milton T. Zimmerman, Frank M. Timms, Mrs. Mary J. Mallory and The Thirty-first Street Building and Loan Association.

1. **Release—By One of Several Joint Obligees.**—A mere preliminary recital in a release expressing an intention of the parties executing it, not to release a certain joint obligor, is not enough to overcome the proposition of law that an instrument which absolutely and unconditionally releases one joint obligor, will operate to release his other joint obligors, unless it appears " upon its face, and in connection with the surrounding circumstances, that it was the intention of the parties not to release the co-obligors;" and such will be its legal effect, though the parties are ignorant thereof when the release is executed.

2. **Joint Obligors—Release of One Discharges All.**—The reason why a release of one of several co-obligors discharges all, is that by such release the right of contribution is cut off. Where such right is reserved, the release will be construed as a covenant not to sue, leaving the liability of the co-obligors unimpaired.

**Creditor's Bill.**—Appeal from the Circuit Court of Cook County; the Hon. Edward F. Dunne, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed July 11, 1899.

Thompson, Clark & Wilkins, attorneys for appellant.

The technical rule by which a release of one joint debtor is made to operate as a discharge of all, is not to be extended to cases not within the reason and equity of the rule. Moore v. Stanwood, 98 Ill. 605; Parmelee v. Lawrence, 44 Ill. 405; Lumberman's Ins. Co. v. Preble, 50 Ill. 335.

While formerly a more strict and technical rule prevailed, the weight of authority now is, although apt and technical words of release are used, that if the parties, taking into consideration the circumstances of the case, their relation to each other, and considering the instrument as a whole, can not reasonably be supposed to have intended a release of the whole debt, it will be construed only as an agreement not to charge the party to whom the release is given,

Clark v. Mallory.

and will not be permitted to have the effect of a technical release. Benton v. Mullen, 61 N. H. 127; Bonney v. Bonney, 29 Ia. 448; McAllester v. Sprague, 34 Me. 296; Burke v. Noble, 48 Pa. St. 168; Couch v. Mills, 21 Wend. 424; Durrell v. Wendall, 8 N. H. 369; Thomason v. Clark, 31 Ill. App. 404; Murphy v. Halleran, 50 Ill. App. 594. ·

In equity a more liberal rule has always obtained, and a receipt or release of this nature has been given the effect intended by the parties and held merely as a covenant not to sue.

In equity the release of one of several joint obligors will not extend beyond the clear intention of the parties and the justice of the case. Norris v. Ham, R. M. Charlton (Ga.) 267; Claggett v. Salmon, 5 Gill & J. (Md.) 314.

The first construction in most cases disappoints the intention of the parties and carries the legal effect of the instruments beyond their meaning, for which reason the courts incline to adopt the construction which gives the instrument the effect of a covenant not to sue merely, and the intention of the parties is thus carried out. Russell v. Adderton, 64 N. C. 420.

At law a release of one party is a release of all, but the rule is otherwise in equity. Midgett v. Matson, 44 Mo. 308; Parmelee v. Lawrence, 44 Ill. 605; Clagett v. Salmon, 5 Gill & J. (Md.) 351; Norris v. Ham, R. M. Charlton (Ga.) 269.

A receipt given to one partner in satisfaction of all demands against him will not discharge his co-partners unless so intended. 1 Lindley on Partnership, 435, citing Ex parte Good, 5 Ch. D. 46.

Peck, Miller & Starr, attorneys for appellee.

The instrument, if it releases one obligor, will operate to release the other joint obligor. Parmelee v. Lawrence, 44 Ill. 405; Leland v. Winslow, 128 Ill. 304; Benjamin v. McConnell, 4 Gilm. 536; Rice v. Webster, 18 Ill. 331; Struble v. Hake, 14 Ill. App. 546; Lovejoy v. Murray, 3 Wall. (U. S.) 1.

The instrument executed by complainant is a plain, absolute, unconditional and unambiguous release of a joint judgment debtor, and can not be impeached, varied or altered by evidence *aliunde*. Miltimore v. Ferry, 171 Ill. 225; Ames v. Brooks, 143 Mass. 344; McClelland v. James, 33 Ia. 571; Glendale Co. v. Insurance Co., 21 Conn. 36.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This appeal is from a decree of the Circuit Court of Cook County, in favor of the defendants (appellees) to a creditor's bill filed by the appellant upon a certain judgment by confession recovered by appellant against the appellee Dewitt C. Mallory, for $2,225.25, and costs of suit.

Dewitt C. Mallory was, at one time, a member of a partnership, composed of himself and Lucy Ann Mallory, doing business under the name of H. E. Mallory & Bro., which partnership was dissolved December 1, 1888, and he then retired from the firm.

The note upon which said judgment was entered was given by the said Lucy Ann Mallory in the name of the old firm and individually, after the dissolution of the firm, in renewal of a remaining unpaid part of certain indebtedness accrued while Dewitt C. Mallory was her partner, and said judgment was against said Dewitt C. Mallory and Lucy Ann Mallory as co-partners as H. E. Mallory & Bro., and Lucy Ann Mallory individually.

The point that is made and argued concerning the validity of the confessed judgment, as to Dewitt C. Mallory, need not be considered by us. The decision below does not seem to have turned upon or have been influenced by that question, and in the view taken by us it may be considered for the purpose of this case that the judgment was a valid one when entered, as against the principal defendant here, Dewitt C. Mallory.

The main question, therefore, is whether appellant by his dealings and settlement with Lucy Ann Mallory, the co-defendant of Dewitt C. Mallory in the judgment, released the latter. The master in chancery, to whom the cause was

referred, found from the evidence, and so reported to the Circuit Court, that by such dealings and settlement there had been a full settlement, payment and satisfaction of said judgment, and of the indebtedness out of which it arose; and the Circuit Court, by its decree, found *inter alia,* as follows: .

"That the judgment mentioned in said bill of complaint herein and upon which the said amended bill of complaint is founded, has been fully paid and satisfied, and that the complainant herein has received full payment and satisfaction thereof; that the judgment note upon which the said judgment was entered has been duly canceled, and that there is nothing now due and owing to said complainant Frank H. Clark from the defendants herein, or either of them, upon said note or upon the judgment entered thereon;" and decreed accordingly.

To detail all the evidence which directly or indirectly bears upon the question of fact of such release, would greatly prolong this opinion, and would serve no valuable purpose in any other case. An attentive reading and consideration of all the evidence contained in the record has satisfactorily established to our minds that there is in it abundant support to the decree.

There is not room for doubt, nor is it disputed, that Lucy Ann Mallory was effectually released, and that it was so intended, from the judgment and the indebtedness upon which it was based. The contention, however, is that it was not intended by her or by the appellant, by anything that was done, to release Dewitt C. Mallory.

All the writings that were given in effectuation of the settlement entered into between appellant and Lucy Ann Mallory are in legal effect absolute releases of the said Lucy Ann from all obligation and liability upon said judgment and the note upon which it was confessed, and contain no reservation of claim against Dewitt C. Mallory or anybody else, on account thereof.

Appellant claims that a preliminary recital in a paper upon which the final receipts given by appellant to Lucy Ann Mallory were written, expresses an intention of the parties not to release Dewitt C. Mallory.

That recital is as follows:

"Said plaintiff (the appellant), having agreed upon a settlement of said judgments with said Lucy Ann Mallory, now Randolph, so far as her liability thereon is concerned, and by virtue of which settlement she is to be forever released from all liability thereon both as to damage and costs," etc.

It is not altogether certain what the attitude is of the appellant toward the paper containing the foregoing recital. Appellant testifies that he refused to sign it and that it was not acted upon. His counsel, however, make the above mentioned claim concerning it, and elsewhere in their brief say that the chief contention in the case is as to its proper construction.

It is certainly referred to in the final receipts given by appellant as the basis for the settlement made, and was in evidence. Considered, however, with reference to appellant's claim in the respect mentioned, it is manifest that a mere recital like that is not enough to overcome the proposition in law, that an instrument which absolutely and unconditionally releases one joint obligor, will operate to release his other joint obligors, unless it shall appear " upon its face, and in connection with the surrounding circumstances, that it was the intention of the parties not to release the co-obligors;" and such will be its legal effect though the parties are ignorant thereof when the release is executed. Parmelee v. Lawrence, 44 Ill. 405.

The reason why a release of one of several co-obligors discharges all, is that by such release the right of contribution is cut off. Where such right is reserved, the release will be construed as a covenant not to sue, leaving the liability of the co-obligors unimpaired. Ibid.

The evidence, according to appellant's brief, that tended to show the "surrounding circumstances," and that it was not intended to release Dewitt C. Mallory, consisted of the testimony of the appellant, certain letters to appellant from the attorney of Lucy Ann Mallory, bearing dates ranging from fifteen months to one month prior to the time when the settlement papers were agreed to and executed, and an affidavit of Lucy Ann Mallory which seems to have been

read upon the hearing of a motion to vacate the decree, and perhaps some other circumstances.   Those letters and that affidavit, if competent for any purpose, are not entitled to much weight upon the question before us.   The testimony of appellant, though explicit and direct in contradiction of the effect of the papers signed by him, was held by the master and the chancellor to be insufficient to overcome the written documents, and their conclusion in such respect should not, under well settled rules, be held by us to be erroneous.

In consideration of the whole case, as made by the record, we are of the opinion that the Circuit Court decreed rightly, that the judgment has been satisfied, and no longer constitutes a basis for a creditor's bill.

There are some minor matters which have been argued, but the main question is the only one we regard as possessing sufficient merit to discuss, and upon that our conclusion is that the decree should be affirmed.

Mr. Justice HORTON did not participate in the decision.